IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROCKY WILLIAMS #1593203 | § | |
| v. | § | CIVIL ACTION NO. 9:12cv104 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Rocky Williams, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named defendant is the Texas Department of Criminal Justice.

Williams complained that he is improperly being housed in administrative segregation because he has been deemed a "security threat," even though he had no disciplinary record justifying this designation prior to his placement in segregation. He says that at one time, he was an outside trusty who went to work in the free world on the community service squad for the Tyler County road crew. Williams asserted that he has never had a fight in TDCJ and never had a major crisis until he came to segregation.

Williams refers to the "rage and frustration" which comes from being "totally isolated 24/7" and says that he filed Step One and Step Two grievances but had received no response at the time of the filing of his original complaint, although he later did receive responses and submitted them to the Court. He acknowledged that he tried to go through the GRAD (Gang Renunciation and

1

Dissociation) program but was told that his file had been "lost." Williams said that he tried to sign up for the GRAD program in 2005, seven years ago, but concedes that he got out of prison and then returned; however, he states that he returned to prison three years ago and is "still no closer to going back to general population." For relief, Williams asks that he be returned to general population.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge noted first that Williams stated that he tried to enroll in the GRAD program, which is for confirmed gang members who wish to dissociate from the gang. As a confirmed gang member, TDCJ policy requires that Williams be housed in administrative segregation; the fact that he has a clear disciplinary record does not affect this classification.

The Magistrate Judge cited Fifth Circuit precedent as holding that "administrative segregation, without more, simply does not constitute the deprivation of a constitutionally cognizable liberty interest." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). This is because absent extraordinary circumstances, administrative segregation is incident to the ordinary life as a prisoner. Hernandez v. Velasquez, 522 F.3d 556, 562 (5th Cir. 2008). Such extraordinary circumstances could include such factors as retention in administrative segregation for 30 years or confinement in a facility where almost all human contact is prohibited, inmates remain in their cells for 23 hours a day with a light on at all times, and otherwise eligible inmates are disqualified from parole review simply by reason of their confinement in that facility.

In this case, the Magistrate Judge said, Williams did not point to any extraordinary circumstances which could render his confinement in administrative segregation an atypical or significant hardship in relation to the ordinary incidents of prison life. He indicates that he has been in segregation for three years since his return to prison, but the Fifth Circuit has rejected a claim that six years in segregation rises to the level of a protected liberty interest. Broussard v. Collins, 209 F.3d 178, 2000 WL 283155 (5th Cir., February 1, 2000); *see also* Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (affirming dismissal as frivolous of claim challenging placement in administrative

segregation because plaintiff did not show any extraordinary circumstances and thus did not implicate a protected liberty interest).

Williams filed objections to the Magistrate Judge's Report on September 6, 2012. In his objections, Williams says that he has been in segregation for a total of 10 years, although he acknowledges that he was released from prison and returned three years ago. He concedes that he has been tagged as a gang member, although he says that this is "unjust." Williams states that he put in for the GRAD program, but that the only way to go through this program is to sign papers saying that "you are in fact STG, [i.e. a member of a security threat group], even though you are or not is irrelevant."[1]

Williams says that because he has been confirmed as a gang member, he has been denied parole three times "for being an active gang member or a leader in a gang," even though he is not and never has been. He again complains about his file being "lost" and questions why he has not been allowed to go through the GRAD program, saying that if TDCJ had followed its own policies, he would be back in the general population by now.

Williams goes on to say that he finally received his Step One and Two grievances back and that he has sent them to the Court. The response to Williams' first Step One grievance, which he signed in December of 2011, was that he was on the list for dissociation but that the list is completed in the order that inmates are placed on the list. He also must meet the criteria before he is accepted into the GRAD program. The response to Williams' second Step One grievance, which Williams signed on April 15, 2012, states that a dissociation investigation was commenced on April 16, 2012, and that he will be interviewed by the Security Threat Group Office in the near future, but that the investigation could take up to a year to complete. Once the investigation is complete, the Security Threat Group Monitoring Office will make a decision as to his placement in the GRAD program.

---

[1] The most dangerous prison gangs are known as "security threat groups" in TDCJ parlance.

Next, Williams complains that his confinement in segregation denies him the right to seek help in rehabilitation, and he cannot take any classes or seek "assistance in self help." He says that TDCJ will not acknowledge his requests to go to the GRAD program, despite the responses to the grievances which he sent to the Court, and again complains that he is being denied parole and housed in segregation based on false accusations of being a gang member.

Williams' objections are without merit. As the Magistrate Judge correctly concluded, confinement in administrative segregation does not implicate a constitutionally protected liberty interest absent extraordinary circumstances because it is "incident to the ordinary life of a prisoner." Williams has not shown extraordinary circumstances in his case; he has been confined in segregation for three years since his return to prison, which is not an unusual length of time, particularly in light of the Fifth Circuit's holding that six years in segregation did not rise to the level of a protected liberty interest. Nor does Williams' contention that his identification as a gang member is incorrect show the deprivation of a protected liberty interest. Luken, 71 F.3d at 193; Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996).

The fact that Williams has been unable to access any rehabilitative programs does not set out a cognizable claim under 42 U.S.C. §1983. Green v. McKaskle, 788 F.2d 1116, 1125 (5th Cir. 1986); Newman v. Alabama, 559 F.2d 283, 291 (5th Cir. 1977). Even if true that TDCJ's handling of his case violated the prison's own policies, this also does not set out a viable claim. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). Nor does the fact that prison officials have used confirmation of gang membership to deny Williams parole show any constitutional violation because Williams has no protected liberty interest in release on parole. Creel v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). Because Williams has failed to show any constitutional violations, his lawsuit must be dismissed.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review,

the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 12) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED. Finally, it is

ORDERED that a copy of this opinion shall be sent by the Clerk to the Administrator of the Strikes List for the Eastern District of Texas.

So **ORDERED** and **SIGNED** this **10** day of **September, 2012.**

_____
Ron Clark, United States District Judge